24CA0912 Peo in Interest of Vendegna 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0912 Pueblo County District Court No. 24MH103 Honorable Timothy O’Shea, Judge The People of the State of Colorado, Petitioner-Appellee, In the Interest of Anthony Vendegna, Respondent-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE J. JONES Welling and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant 
1 ¶ 1 Respondent, Anthony Vendegna, appeals the district court’s order authorizing staff at Centennial Peaks Hospital (Centennial) to treat him with electroconvulsive therapy (ECT) without his consent. We affirm. I. Background ¶ 2 In early February 2024, Mr. Vendegna was certified for up to three months of short-term treatment at another facility based on a physician’s diagnosis that he suffered from schizophrenia and was gravely disabled as a result. See § 27-65-109, C.R.S. 2023. ¶ 3 In mid-April 2024, Mr. Vendegna was transferred to inpatient care at Centennial and the certification was extended for an additional three months of treatment. A physician there opined that Mr. Vendegna was gravely disabled and was a danger to others due to a mental health disorder. ¶ 4 A week later, a petition for review of Mr. Vendegna’s refusal of treatment was filed, in which a physician opined that certain antipsychotic medications, mood stabilizing medications, and anti-
anxiety medications were necessary to treat Mr. Vendegna’s psychosis. In late April 2024, the district court issued an order 
2 authorizing staff at Centennial to administer the requested medications to Mr. Vendegna without his consent. ¶ 5 In mid-May 2024, the petition at issue was filed, requesting that Centennial be allowed to treat Mr. Vendegna with ECT without his consent. In it, Mr. Vendegna’s psychiatrist at Centennial, Dr. Roderick S. O’Brien, reported that the “aggressive pharmacotherapy trials” had not been successful and that treatment with ECT would give Mr. Vendegna a significantly better chance for remission. ¶ 6 At the May 20, 2024, hearing on the petition, Dr. O’Brien testified that he had diagnosed Mr. Vendegna with schizoaffective disorder, the bipolar type, which caused him to experience acute psychosis and unstable mood. He testified that Mr. Vendegna’s illness required treatment with a combination of medications and ECT, and that if he didn’t receive ECT, he would suffer a significant and long-term deterioration of his mental condition. ¶ 7 Mr. Vendegna testified in opposition to the petition for involuntary treatment. ¶ 8 The district court ultimately found that Dr. O’Brien testified “credibly and persuasively,” adopted Dr. O’Brien’s opinions, and 
3 granted the petition authorizing Centennial to involuntarily administer ECT. II. Discussion ¶ 9 The district court found that the People had proven by clear and convincing evidence all four elements required under People v. Medina, 705 P.2d 961, 973 (Colo. 1985), to authorize the involuntary administration of medical treatment. ¶ 10 On appeal, Mr. Vendegna challenges the sufficiency of the evidence supporting only the fourth Medina element, namely, whether the patient’s need for the treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing the treatment. Id. (The first three elements are whether the patient is incompetent to effectively participate in the treatment decision, whether the treatment is necessary to prevent a significant and likely long-term deterioration in the patient’s mental condition or to prevent the likelihood of the patient’s causing serious harm to himself or others in the institution, and whether a less intrusive treatment alternative is available. Id.) ¶ 11 We conclude that the evidence is sufficient to support the court’s finding on the fourth Medina element. 
4 A. Standard of Review ¶ 12 The district court’s order presents a mixed question of fact and law. We defer to the court’s factual findings if there is evidence supporting them, but we review the court’s legal conclusions de novo. People in Interest of Strodtman, 293 P.3d 123, 131 (Colo. App. 2011). We must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the court’s order. People in Interest of R.K.L., 2016 COA 84, ¶ 13. Testimony by a physician supporting a petition for involuntary administration of medication may be sufficient. Id. at ¶ 30 (citing People v. Pflugbeil, 834 P.2d 843, 847 (Colo. App. 1992)). B. Analysis ¶ 13 Mr. Vendegna contends that the People failed to prove the fourth Medina element by clear and convincing evidence because the district court “stated that it was unable to ascertain Mr. Vendegna’s reasons for refus[ing]” to be treated with ECT. In doing so, Mr. Vendegna highlights his testimony indicating why he refused ECT: his concerns that ECT would be painful and that, given that he had been a smoker for thirty years, ECT could cause him to have a heart attack and die. Mr. Vendegna argues that the 
5 district court erred in analyzing the fourth Medina factor because it didn’t sufficiently consider his bona fide and legitimate interest in refusing the treatment (balanced against his need for the treatment). ¶ 14 We aren’t persuaded by Mr. Vendegna’s argument. At the hearing, the district court discussed — to a greater extent than Mr. Vendegna suggests on appeal — Mr. Vendegna’s reasons for refusing ECT. Specifically, the court said, “I don’t really understand -- Mr. Vendegna’s reasons for refusal. In his testimony that was not clear at all other than that he believes . . . that ECT . . . might cause a heart attack in him because he was – a long term smoker.” (Emphasis added.) The court then said, “There is no evidence in the record to suggest that. Dr. O’Brien testified at length as to the procedure for ECT and how safe it is and it’s the global standard as he put it -- for mood instability.” ¶ 15 So the record indicates that the district court did specifically address the apparent primary reason that Mr. Vendegna refused ECT, and then balanced that concern against Mr. Vendegna’s compelling need for ECT. The court’s findings in that regard are supported by Dr. O’Brien’s testimony that 
6 • ECT is performed under general anesthesia, during which an anesthesiologist monitors the patient’s breathing, oxygen, heart rate, and blood pressure; • Mr. Vendegna’s medical history doesn’t indicate any medical conditions like cardiomyopathy or diabetes that would increase the risk of ECT; and • Mr. Vendegna’s history of smoking is “not in any way a contraindication to” the recommendation for ECT. ¶ 16 Further, in terms of Mr. Vendegna’s expressed concern that ECT would cause him pain, again, Dr. O’Brien testified that ECT is administered when the patient is under general anesthesia. ¶ 17 The evidence was sufficient to support the district court’s finding on the fourth Medina element. III. Disposition ¶ 18 The order is affirmed. JUDGE WELLING and JUDGE SCHOCK concur.